Good morning. May it please the Court, I'm Josh Konecki. I'm representing the plaintiffs and the appellants. I'd like to reserve three minutes for rebuttal. In an overtime misclassification case where the employer's affirmative defense depends upon regulations that set out multiple prongs and prerequisites to determine whether any of them can be resolved on the common evidence. If just one of the prongs can be resolved on common evidence in favor of the plaintiffs, then the entire case can be resolved in one stroke for all of the class members, regardless of whether there are individual differences that may come out on some of the other prongs. And so this is why a case like the one at Barr is the ideal case for class certification under the Supreme Court's decision in Wal-Mart v. Dukes, because common evidence on just one prong can drive the resolution of the entire case for all class members. Now, the regulations have multiple prerequisites. Only one has a quantitative component to it. This is the primarily engaged prong of the administrative regulation and the executive regulation. Paragraph 1A1E for the executive exemption and 1A2F for the administrative exemption. That prong states that there's to be an analysis of the specific work duties to be performed and the length of time performed on those duties. It seems to me that if I read your brief correctly, what you're saying is there's some manuals that they wrote, and that you could look just at the manuals. The district court saw it differently and went into an extensive factual determination that you may have problems showing is clearly erroneous, and whether or not the district court was right in doing that or whether he should have stuck just to the manuals. Isn't that the nature of your argument? Not quite, Your Honor. The nature of the argument is that the district court's factual evaluation went only to the primarily engaged prong of the exemption. It went only to the issue of whether the work duties and the length of time spent on those specific duties is the same across the class. Our point is that even assuming that there are variations on that prong, and we're not conceding there are material variations, but even assuming there are, and taking the district court's findings at face value, that there are still all these other qualitative prongs that come before the quantitative prong that have to be evaluated, and that the error in the district court's order is that it did not perform a rigorous analysis of those other prerequisites. Like what? Such as in the administrative exemption, whether the nature of the work that is being performed is directly related to management policies and business operations, or in the executive. So are you saying, in effect, that the detailed analysis looks to sort of the one-off situations to the exclusion of these broader policies? Yes, I think so, and let me just make sure to articulate it, to make sure I'm understanding the question correctly. What we're saying is that the district court's order looked at the specific duties and the length of time on those duties as it goes to one of several prongs to the exclusion or near exclusion of the common evidence, such as the policies, the PMK deposition testimony describing those policies, the area manager testimony describing how those policies are implemented, that the district court did not, that the order doesn't cite or discuss those policies and instead only looks at the specific duties and the length of time on those duties to the near exclusion or complete exclusion of how those policies would play into the other qualitative process. I see. So you're taking the two and putting them together, the manuals on one side and the findings of what they're actually doing, and you're saying he should have looked at them together. We're saying that the district court's order should have, I think the answer is yes, we're saying the district court's order should have analyzed for each of the qualitative prongs of both exemptions whether or not the written policies, training materials and person most knowledgeable deposition testimony about how those are implemented demonstrated a commonality in the nature of the work that these location managers do that predominates with respect to those qualitative prongs. Now, how did you form your objection to what the district court did to indicate this problem? In our briefs to this court? No, no, before the district court. Well, I believe that our briefs below, we attempted to describe what I'm describing here to the court. That was the thrust of our briefs where we set out that each of these exemptions had multiple prerequisites, that the predominantly engaged prerequisite, the quantitative test, is only one of several prongs. The court did not hear oral arguments, so we didn't really make an objection as to any tentative findings or anything of that nature. But I do believe we set out this theory of the case. Well, after the decision came down, there was nothing else filed. You didn't file any objection after the decision as to the theory that the district judge was following as being inconsistent with the law as you see it? No, Your Honor. We filed our Rule 23-F petition directly with this court. Okay. In some of our previous cases, we have two or three cases that really affect this directly, but looking at Vinalet and Wells Fargo, in those cases, there seemed to be a determination, dispositive determination to the exclusion of all other factors. We're now kind of in a in-between spot, as I hear you and as I read the record, where it didn't like totally exclude some of these other factors, but there wasn't sort of a weighing of how they factored in. Is, I mean, do those cases, does Wells Fargo really tell us the answer in this case? I think Wells Fargo and Vinalet do tell us the answer in that they state that the district court's role is to weigh all factors, both in favor and against, and to consider comprehensive corporate centralized policies on the way the job, on the nature of the job and the work. I do not believe, however, that the district court's order does any analysis with respect to the qualitative prongs of the exemptions, except for the independent discretion and the independent judgment and discretion prong, and I'll get to that in a minute. But with respect to the directly related to management policies and business operations prong of the administrative exemption and with respect to the prong of whether or not the employee runs the business, which is part of the executive exemption, the district court's order does not do any analysis, much less a rigorous analysis of how the common evidence would play into those prongs. The, it's, to get the words right, the management of the enterprise prong on the executive exemption. The district court's order does talk about the independent judgment prong toward the end, but I don't believe it is a rigorous analysis in the sense of looking at both the factors that weigh in favor and against. The only discussion there is to compare two class members' perceptions about whether or not they're free or constrained. And the, there's much more to a rigorous analysis than whether individuals feel that they're constrained or free in some kind of abstract sense. One needs to do an analysis of what the independent judgment prong means, how it's interpreted, and whether or not the work rules, the policies that are at issue, that here are uniform, centralized, and undisputed, impact the level of discretion and judgment that this group of employees is afforded by the company. So we've got here, if I understand it correctly, a factual determination. I'm sorry, Your Honor? We have, as I understand it here, a factual determination of how these two things play together to show the facts. It's an analysis of facts, determination of facts. Is that right? Well, I think we're not asking this Court to make an analysis of facts. Right. I think on the face of the district court's order, what happened was, is there was no analysis of either the common or individual facts as they pertain to the qualitative prongs of the exemptions. And whether or not the common facts, the uniform procedures, the centralized procedures, the training materials, the person most knowledgeable deposition testimony, none of which was cited at all in the order, there's no analysis or rigorous analysis as to whether or not those common facts predominate when determining if the employer can meet its burden to show that, to plainly and unmistakably show under the case law that the employees are meeting these other prongs of the exemption. I'm losing you along the path. I'm trying to determine what our standard of view is. Okay. If this is a factual determination, well, obviously you have to show, and it was not objected to, you have to show plain error. It wasn't objected to on that basis in some fashion. And so that would be the problem. But I always start off with the standard of review so I know what I'm going to be focusing on. So why don't you just tell me, tell us, if you would, please, how you see the standard of review, that is, what is the issue and what is our standard of review? Well, I'll look back to the Berger v. Home Depot case that this Court issued in this year. And of the three principal factors, whether or not there's reliance on an improper factor, omission of a consideration of a factor entitled to substantial weight or mulling the correct mix of factors but making clear error of judgment in assaying them, I would say definitely that the district court omitted consideration of a factor entitled to substantial weight in that she, the district court's order, omits any consideration of the qualitative prongs of the exemption and how they play into the common evidence. I would also suggest that there is a clear error of law, which the Home Depot case stated would also be an abuse of discretion, and that is that the entire framework used in the analysis in the district court's order does not consider the standard that the employer needs to meet in order to demonstrate this exemption. And part of that is that the employer needs to meet these qualitative prongs. And I understand. And I understand that argument. The thing that bothers me is that there was no other than you're signing your briefs, but after the order comes back, there's nothing identifying the problem in relationship to the order, so the district court can then amend the order to meet what you claim or to change the district court's mind. That is, we are we have an argument, we have this, this Court makes an opinion, but at no point is there an opportunity to say what you're saying to us to the district court. So what I want to ask from you is what is your view? Is there a waiver of failure? That is, could you have made that – could you have made this argument to the district court? I don't know if we could have or not. I do not believe there is a waiver. I believe Rule 23F allows us to appeal directly to this Court for – to review a class certification order. There's a 14-day timeline on that. If you follow this question, maybe a different way to put it is, is there any requirement that you move for reconsideration once you get a district court's class certification order? Not that I'm aware of, Your Honor. Thank you. Maybe we can ask your adversary? Okay. Well, I will save the rest of my time for rebuttal. All right. Good morning, Your Honors. Good morning. May it please the Court, my name is Frank Schuster. Along with Roberts Paulenko we represent defendant the Hertz Corporation. Mr. Schuster, it's Judge Gould, if I could just point you to a couple of issues at the start to make sure you give them your full consideration. So my understanding is we review here for abuse of discretion. But as I think counsel for appellant noted, there are at least two theories on which there can be an abuse of discretion. One is if the court violated a rule of law, which is per se an abuse of discretion. Another is if the court left out, you know, didn't consider some important aspect of the problem. And I'd like you to address both of those. And as to the rule of law, address whether our prior precedent in these related wage cases establishes a rule that the court must consider all of the evidence and if that rule was followed here or not. Certainly, Your Honor. I believe the standard would be whether the district court failed to consider a substantial factor that went to the predominance inquiry of Rule 23. And with respect to that question, Your Honor, I do not believe the district court failed to consider a substantial factor for two reasons. One is the order, as we've mentioned in our brief, and I won't go into the detail of it. But the district court clearly says that it had considered the voluminous record. I don't think there's an obligation for a court to create a checklist of everything that it's looked at. But could I stop you on that point? Certainly. Because that's, just to be honest, that's where I'm having a stumbling block. You know, I do believe the court looked at everything. But when we're reviewing on abuse of discretion, we've often said we need to know the real basis for the decision so we can decide whether there's been a legal error or some other abuse of discretion. And in other cases, they say you need to analyze the factors. That's what's seems to be missing here, unless I'm missing something, that other than that broad statement that you just mentioned, we don't have in the district court's decision this laying out of, you know, what would support the exemption, sort of, unless I'm missing something. So I want to hear from you on that. Certainly, Your Honor. But at page 12 of the district court order, in addition to beginning the opinion with the statement that the court had examined the voluminous record, and it was voluminous, Your Honor, at page 12, the court says, in short, plaintiffs have failed to show the existence of a centralized practice or policy requiring location management. What line are you reading from? I'm sorry, Your Honor, I'm on line 25, page 12 of the district court opinion. Thank you. It was an explicit reference to considering policy and procedure. And back to Judge Gould's question about the standard of review and abuse of discretion. It does require a failure to consider a substantial factor. In this case, Your Honor, I would submit to the court that Hertz's policies and procedures, for two reasons, were not a substantial factor in the Rule 23 analysis. Number one, if the court looks at the declarations submitted by the appellants in support of their motion for class certification, every single one of their declarants, which constituted about a total of 4 percent of this class, but regardless, every one of their appellants, of their declarants, rather, said, I spend more than half my time, 50 percent, 60 percent, 75 percent of my time, washing cars, cleaning cars, driving cars, doing the work of the hourly paid employees, the customer service reps, the vehicle service attendants. That's what the declarants said. The appellants themselves, in their deposition testimony, said, I spend 5, 6, 7, 8 hours a day driving cars, washing cars, cleaning cars. They did not declare, they did not attest to performing duties as to which they claimed they were robbed of discretion by policy and procedure. Their testimony was, I'm doing the work of the hourly employees, every single one of them, and they did not attest to, I have to do these various procedures that are so restricted by policy and procedure, I can't exercise discretion. If you also look at the appellant's declarants, none attested to ever reading a policy. They said they got them. They got them by e-mail. They said their manager talked to them about them, but they never attested that they read them, and they never attested to any specific situation as to how a policy or procedure restricted them in the exercise of their discretion and judgment. And I submit to Your Honors, every corporation of size, every employer of size is going to have uniform policies and procedures that managers are to enforce, that are to set their parameters for the exercise of their discretion. For example, appellants make much of something called car counts, which they claim managers must spend their time doing. And they point to Hertz's policy, which is at EOR 471 through 474. And that policy, the very opening paragraph, whatever your position on the management team, being able to forecast, analyze, and interpret rental return numbers are a key to your success. The starting point for figuring out how well you can meet your rental demand is count the cars you've got, what's clean, what's dirty, what's in maintenance, what can I pull out of maintenance, what can I use, and they're really looking at the next several hours. Just how am I going to take care of the demand for the next few hours? So you start with the car count, what's clean, what's dirty, what's available to use. You then have to look at your competition. Are they out of cars? Am I going to start getting their customers? Have flights been delayed and canceled? Are they being diverted? Are they coming here? You're gathering this information for the purpose of forecasting, analyzing, and interpreting, am I going to have enough vehicles to meet my demand for the next several hours? Counting the cars is the starting point for that process. Some managers do it, other managers don't. Some managers assign it to hourly employees, other managers don't, but regardless, it is the starting point for figuring out what do we have on site to satisfy our demand. Appellants and their declarations and their testimony, they never describe how any of these policies or procedures restrain them. As I said, every corporation of size is going to have policies and procedures which are designed to channel the exercise of discretion, to give them the parameters. Another example of parameters, appellants make much of customer refunds, and they point to a field bulletin, which is at EOR 878 through 880. And pursuant to that field bulletin, location managers are able to give a $100 certificate to a customer for a future rental, or up to a $500 discount off their bill. Now we're in the business of making money by renting cars, not of giving people $500 credit on their bill. These are matters of significance to my client and I would think to any business. So this kind of obscures really my, still my concern. You may be totally right, and I don't think it's really our role necessarily on appeal to go through each of these sort of hunt and peck and line them up. So my only question is whether the record, as we have the district court's decision with its broad statement at the front, which comes in every order that we get, I looked at everything, and then one sentence that said you didn't meet your burden, whether that's sufficient for us to review under the analysis that's required, or whether we should send it back, and it may be the same result, but whether the district court needs to actually amplify these factors. And in between the two prongs you just described, the beginning of the opinion and the end of the opinion, as Judge McEwen said, there's a lot of detail. That might be Judge Wallace, though. Judge Wallace, I apologize. I don't apologize. I'm sorry, Your Honor. I'm impressed. Thank you. My first time, my first time before you all, I apologize. I was looking at notes over there, and I got it wrong. It's okay. It's okay. I just want to add. As you said, in between, the district court judge went through a lot of facts, and most particularly talking about the facts of how managers exercise discretion and judgment. She went, we presented, we presented testimony from, I believe it was nine or ten location managers. They presented testimony from nine or ten location managers. Everyone had a different description of what they did. They all said they're spending their time doing hourly employee duties. Our folks said, I'm managing my part of the business. I'm managing my operation. And the judge went through great detail about how managers exercise discretion, exercise judgment. And I think the nub of this appeal, and Judge Wallace hit it at the very beginning, is the claim is that Hertz's policies and procedures uniformly deprive all managers of discretion and judgment. That's the central issue. Can that be proven with common proof at trial? And the answer that the judge came up with was no, and it was based upon a rigorous examination of the record, a rigorous review of all the testimony that was provided, and came to the conclusion, rightfully so, this thing is going to break down into hundreds of mini-trials. We've got some people who say they're doing the work of hourly employees, other people who say they're regularly exercising discretion and judgment, and a collection of declarations. This is the glue. A collection of declarations that don't say I'm spending my time on things that I'm robbed of discretion of, that don't say I've read the policies, that don't say here is how this policy restrained me on this occasion. They often don't. Kagan. So what you're saying is that the part from the policies themselves, that their evidence is missing the link between the policies on the ground. Exactly right, Your Honor, which is the second point that I was going to make in my argument. I had two points to make. First, look at the evidence they did submit, the declarations. Second, look at the evidence they didn't submit. All they did was bury the court with a bunch of policies and procedures, often mischaracterized as described by the two policies I just reviewed with you. They basically said, we have proven the existence of policy. And I submit to you that if simply proving a uniform classification, standing alone, is not enough, simply proving the existence of corporate policies, standing alone, is not enough. Because if it is, every employer of size is going to have them. And every employer of size is going to, you're going to wind up certifying all those cases. Because all you have to prove is the existence of the policy. What's missing, Your Honor, is the point you just made, which is what's the glue? Where's the common evidence that links the existence of these policies to the conclusion that plaintiff's claim is true across the board? And that is the complete absence of discretion and independent judgment. And they don't offer anything in between. They simply showed the existence of the policies and that's it, coupled with disparate conclusory claims, not disparate, but conclusory wrote claims in nine declarations that say these policies rob me of discretion and judgment, and that's it. That's not substantial evidence. That's not a substantial factor. That's not sufficient glue to link one to the other that would allow a finder of fact in a single stroke to say, with protection of my client's rights, to say in a single stroke, all of these people lack discretion and judgment, especially in the face of sworn testimony from all of the declarants we presented and their area managers, that they are regularly exercising discretion. We have airports that employ 300 hourly employees. There is one area manager and one city operations manager. They run 24-7, three shifts around the clock. Who's in charge of the lot? Who's in charge of the counter? Who's in charge of the gold operation? We presented the witnesses who said, that's what I do. And any trial in this case would break down into all of these different people saying all of these different things about their different duties, which as the district court properly recognized, and I'm almost out of time, but the district court properly recognized that the duties performed by these location managers, they change from airport to airport. They change from department to department. They change from shift to shift. What a counter manager at LAX does on Monday morning is not the same thing that a lot manager at LAX performs on Monday morning, and neither of them are the same as the duties performed by the graveyard shift manager at San Francisco airport or the Saturday night manager at San Jose. They all perform different duties for differing amounts of time. And the last point I'll make in my 20 seconds is contrary to what the brief of appellants say, that the court focused only on the amount of time spent on duties, Judge Chesney did not. She said that there was a material difference in the nature of the duties performed by these people as well as the amount of time they spent on them. And I submit to you that there was not the glue, the common evidence that links these policies to the conclusions that plaintiffs claimed that a jury should reach. Unless the panel has other questions. Just to make sure I understood you correctly on the standard, that you agree that it's abuse of discretion. Our briefs, I have not the question that has been posed did not occur to me. It is not a point that we briefed. The parties have assumed coming before you that we're dealing with an abuse of discretion standard, and our position is that Judge Chesney did not fail to consider a substantial factor. She considered it and basically rejected it because it's not substantial. All they did is show the existence of policies and procedures. That's not substantial. You need something more than that to get over the Rule 23 predominance requirement. And unless the panel has other panels, I thank you. Any further questions? Thank you. Counsel is arguing the merits, and he's arguing the merits only with respect to the third, to the final quantitative prong of the exemption. And I think looking even at the page of the district court's order that he is citing, where on page 12 it says, Plaintiffs have failed to show the existence of a centralized practice or policy requiring location managers to perform particular duties for particular lengths of time. That was the only analysis that the district court performed. There was no analysis of the centralized policies or other factors that might go to the other prongs of the exemption. And whether or not, despite the differences in people's perceptions as to their discretion or judgment, all of that discretion and judgment falls below the line of the legal standard of what the defendant would have to prove in order to meet the exemption is a common question. It can be determined on the detailed common procedures. And we did go through this with the person most knowledgeable deposition to talk about what the class members could do and what they could not do in great detail. And the plaintiff's declarants did testify as to the subjects that were within their discretion and the subjects that were not in great detail. And defendant's legal theory of the case from the beginning has been that whatever the variations are, they all fall below the line of what it needs, what needs to happen in order for an employee to meet this exemption, either under the administrative prongs or the executive prongs. And I submit, as to Judge Wallace's question, I don't think Rule 23 requires us to seek reconsideration before the Rule 23F appeal. And there were no new facts or changes in the law within that 14-day period, I think, that would have compelled us to consider that option in lieu of what I believe was our right to make a 23F appeal. Thank you. Thank you very much. The case just argued, which is Friend v. Hertz, is submitted now. I thank counsel for your argument this morning.
judges: Wallace, McKeown, Gould